# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

No. 12-60921
Summary Calendar

Lyle W. Cayce
Clerk

KUMAR BAHADUR KAMI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 964 952

Before DeMOSS, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kumar Bahadur Kami, a native and citizen of Nepal, petitions for review of the decision of the Board of Immigration Appeals denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Kami argues that the harm he suffered at the hands of Maoists constituted persecution; that this persecution was based on his affiliation with the Congress Party and on the opposition to the Maoist party's policies that was imputed to him based on his political affiliation; that he has shown a well-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

founded fear of persecution in Nepal; and that relocation within Nepal is unreasonable in light of the Maoist party's presence in the national government. Therefore, he contends, he has established his eligibility for asylum. He further argues that he established his eligibility for withholding of removal and relief under the CAT.

The evidence indicated that Kami, who was active in the local branch of the Congress Party, was kidnapped by Maoists while planning to approach them to work out a compromise. He was held with a senior local party leader, who was beaten and whose toenails the Maoists attempted to remove. Kami injured himself by falling on a tree branch. Kami was released the following day after he agreed to the Maoists' terms, and he treated his injury with stitches and painkillers. This harm was not so extreme as to constitute persecution. *See Eduard v. Ashcroft,* 379 F.3d 182, 187-88 (5th Cir. 2004); *Abdel-Masieh v. U.S. INS,* 73 F.3d 579, 584 (5th Cir. 1996). Regardless of the Maoists' motivations, Kami cannot demonstrate past persecution. *See Eduard*, 379 F.3d at 188.

The testimony indicated that Kami fled from the Bagalung District in 2002 and moved to Kathmandu in order to avoid compliance with the conditions of his release from Maoist captivity. He was accused of plotting with the Nepali army, was ordered to surrender to the Maoists, and was ordered to pay a 200,000 rupee fine. Kami testified that Maoists visited his mother with the letter containing the Maoist order against him and that his uncles sent him a letter about Maoist threats. However, Kami lived unmolested in Kathmandu until December of 2007, and his family was living there at the time of his hearing. Moreover, although the 2009 Human Rights Report from the State Department indicated that Maoists in some areas of the country expected that orders issued before the dissolution of shadow governmental structures would be enforced, the record does not indicate that Maoists in the Bagalung District made any effort to enforce the order it issued shortly after Kami left town during the time Kami resided in Kathmandu or after the Maoists moved into the Nepali government.

No. 12-60921

The evidence does not compel a finding that Kami could not reasonably locate internally within Nepal. *See Eduard*, 379 F.3d at 189.

The standard of proof for withholding of removal is "more stringent" than the standard for asylum claims. *Mikhael v. INS,* 115 F.3d 299, 306 (5th Cir. 1997). To be eligible for withholding of removal, the alien must "demonstrate a clear probability of persecution if returned to his home country" on account of the same grounds. *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005). Because Kami cannot satisfy the standard to obtain asylum, he also cannot satisfy the standard to obtain withholding. *See Efe v. Ashcroft,* 293 F.3d 899, 906 (5th Cir. 2002).

Under the CAT, an alien must show it is more likely than not that he will suffer torture, as opposed to mere persecution, if he is removed to his home country. *Id.* at 907. In Kami's case, the same facts supporting the finding that he does not have a reasonably founded fear of persecution also support a finding that he is unlikely to be tortured should he be returned to Nepal.

PETITION FOR REVIEW DENIED.